IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:06-CR-23-FL-1
NO. 5:11-CV-649-FL

| | | |
|---|---|---|
| ANDRE SEVEER RICHARDSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the court on petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (DE # 32) and supplement thereto (DE # 36). On May 22, 2012, the government filed motion to dismiss, arguing that the petition was untimely filed and that petitioner had in plea agreement waived his right to challenge his conviction or sentence under 28 U.S.C. § 2255. However, on August 23, 2012, the government moved to withdraw its motion to dismiss, waived its previously asserted defenses, and informed that it does not oppose resentencing of defendant (DE # 41).

On June 20, 2006, pursuant to written plea agreement, petitioner pleaded guilty in count two to felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924, and in count four to possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924. The government agreed to dismiss counts one and three of the indictment at sentencing. The court sentenced petitioner on October 23, 2006, to a term of 180 months' imprisonment and a five-year period of supervised release as to count two, and a term of 120 months' imprisonment and a three-year period of supervised release as to count four, to be served concurrently. In determining petitioner's

sentence, the court applied the Armed Career Criminal Act ("ACCA") enhancement set forth in 18 U.S.C. § 924(e).

Petitioner now argues, and the government agrees, that in light of <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011) (en banc), petitioner does not have a predicate felony offense to support his count two conviction of felon in possession of a firearm or to warrant ACCA enhancement. Petitioner therefore requests that the court vacate his conviction in count two and vacate his sentence.

The government's motion to withdraw its motion to dismiss is GRANTED. Where the government waives defenses previously asserted in motion to dismiss, and where the court upon review of the record finds that, in light of <u>Simmons</u>, petitioner does not have a predicate felony to support the crime of conviction in count two, the court ALLOWS IN PART petitioner's § 2255 motion to vacate, as follows. The court VACATES petitioner's judgment of conviction in count two for felon in possession of a firearm and VACATES his sentence. The clerk of court is DIRECTED to schedule and notice a re-sentencing hearing for Tuesday, September 18, 2012, at 1:30 p.m., at the United States Courthouse in New Bern, North Carolina. The government will ensure petitioner's timely writ, transportation and housing for the re-sentencing hearing. The United States Probation Office is DIRECTED to investigate, prepare, and publish to the appropriate parties a recalculation of petitioner's corrected advisory Guideline Range.

SO ORDERED, this the 27th day of August, 2012.

LOUISE W. FLANAGAN
United States District Judge

2